**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 21-30107-hcm |
| PDG PRESTIGE, INC., | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |
| DENNIS CRIMMINS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Adversary No.: 21-03007-hcm |
| | § | |
| MICHAEL J. DIXSON, | § | |
| PDG, INC., and PDG PRESTIGE, INC., | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S BRIEF REGARDING**
**NOTICE OF REMOVAL**

**TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:**

Plaintiff/Creditor Dennis Crimmins ("Crimmins") files this Brief Regarding the Notice of

Removal and would respectfully show the Court as follows:

## I.  Procedural Background

1.  ***State Court Action***. Plaintiff Dennis Crimmins commenced this action by filing a

complaint for fraud, fraudulent transfer, and breach of contract (hereinafter referred to as the

"Complaint") on April 20, 2020 in the Third Judicial District Court of the County of Dona Ana,

State of New Mexico. The case was docketed as Case No. D-307-CV-2020-01698 and styled:

*Dennis Crimmins v. Michael J. Dixson, PDG, Inc., and PDG Prestige, Inc.*

2.  ***Bankruptcy Case***. On February 15, 2021, Defendant and Debtor PDG Prestige, Inc.

filed its voluntary petition for relief in the United States Bankruptcy Court for the Western District

1205594.1

of Texas, bearing the cause number 21-30107-hcm.

3.  ***Notice of Removal***. On or about April 21, 2021, Crimmins filed his Notice of Removal in this Court, initiating Adversary Proceeding 21-03007-hcm. (Doc. #1).

4.  On or about April 22, 2021, the Court issued its Order Establishing Date for Status Hearing, scheduling a status hearing for May 19, 2021. (Doc. #2).

5.  On May 19, 2021, the Court held the Status Hearing.  At the Hearing, the Court advised counsel for the parties that Crimmins' Notice of Removal was defective as it was removed directly from the State Court in New Mexico to this Court in the Western District of Texas, rather than removed to the district court in New Mexico and then transferred to the Western District of Texas. (*See* Order Resetting Status Hearing and Requiring Statements, Doc. 4.)  The Court then set a deadline of June 11, 2021 for each of the Defendants to file a written statement advising the Court as to whether the Defendant affirmatively and irrevocably waives any and all defects in the removal. (Doc. 4.)

6.  On or about May 21, 2021, Debtor and Defendants' deadline to file a Motion to Remand expired pursuant to Local Rule 9027.  L.R. BANKR. PROC. 9027 ("Any motion for remand must be filed no later than 30 days after the date of filing of the notice of removal.").

## II.  Bankruptcy Court's Jurisdiction

7.  At the May 19, 2021 Status Hearing, the Court conveyed a question as to whether the direct removal to the Western District of Texas implicated any jurisdictional issues for this proceeding.

8.  Crimmins provides this Brief to respectfully assert that there are no jurisdictional issues due to the direct removal and this Court may retain this proceeding irrespective of whether the Defendants waive any procedural defect in the Plaintiff's Notice of Removal.

1205594.1

9.      Admittedly, as the Court graciously notified the parties, "removal of a state court case to a bankruptcy court located in a federal district other than the district in which the state court is located is normally a two-step process." *In re Bisno*, 433 B.R. 753, 757 (Bankr. C.D. Cal. 2010). "First, the removing party removes the state court case to the local bankruptcy court whose district encompasses the state court where the case is pending. Second, the removing party (or any other party in interest) files a motion in that bankruptcy court to transfer the removed case to the district where the relevant bankruptcy case is pending." *Id*.

10.      If a party circumvents this two-step process and removes directly to the district where the bankruptcy case is pending, the question then becomes whether the geographic requirements of 28 U.S.C. § 1446 is a procedural defect or a jurisdictional one. *See generally In re Brisno*, 433 B.R. at 757 ("The majority view is that removal to the wrong federal court is a venue problem, not a jurisdictional problem."); *Peterson v. BMI Refractories*, 124 F.3d 1386, 1391 (11th Cir. 1997) ("The question, however, is whether failure to comply with those geographic requirements amounts to a *jurisdictional* defect."); *In re Trafficwatch*, 138 B.R. 841, 844 (Bankr. E.D. Tex. 1992) ("The removal to the wrong court creates a procedural defect which can be waived as grounds for remand.").

11.      As stated in *BMI Refractories*, "failure to comply with the geographic requirements of 28 U.S.C. § 1441(a) [the general federal removal statute] is a ***procedural defect*** that does not deprive a district court of subject matter jurisdiction in a removed case." *Peterson v. BMI Refractories*, 124 F.3d at 1391 (emphasis added).

12.      Rather than deprive the bankruptcy court of subject matter jurisdiction, "[t]he requirement that the removal be to the 'district court in which the civil action is pending' . . . ***is a venue provision***." *In re Trafficwatch*, 138 B.R. at 844.  According to the Eastern District of Texas,

this reading of § 1446 is "consistent with the reading the Fifth Circuit has given an analogous removal provision . . . '[w]e conclude this provision grants authority to remove and set the venue of the removed case. The provision does not by its terms limit the grant of jurisdiction to the federal district courts . . ..;" *Id.* (citing *Resolution Trust Corp. v. Sonny's Old Land Corp.,* 937 F.2d 128 (5th Cir.1991); *Cook v. Shell Chemical Co.,* 730 F.Supp. 1381, 1382 (M.D.La.1990) (construing 28 U.S.C. sec. 1441(a) in context of removal from state court to improper federal district court and concluding that removal requirement is venue related)).

13.  Importantly, "[v]enue is procedural and thus waivable." *Id.*

14.  In *Trafficwatch*, the debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Eastern District of Texas. *Id.* at 842.  At the time, Debtor was involved in litigation with Carlisle Outdoor Co. in state district court in Dallas County, Texas – located in the Northern District of Texas. *Id.*  After filing the bankruptcy petition, the Debtor remove the state court case directly to the Eastern District of Texas on January 30, 1992. *Id.*  Nothing occurred in the adversary proceeding until the court held a status conference on March 11, 1992 – more than thirty (30) days after the removal. *Id.*  Carlisle orally objected to the defective removal at the status conference. *Id.* After determining that the two-step process of removal outlined above is a procedural requirement and not jurisdictional, the court determined that Carlisle waived any defect in the removal because Carlisle failed to file a Motion to Remand within thirty (30) days of removal. *Id.* at 844.

15.  Here, Debtor and Defendants have not filed a Motion to Remand within thirty (30) days of removal.  Thus, pursuant to *Trafficwatch*, Debtor and Defendants have effectively waived any objection to Crimmins' removal of the state court proceeding to this Court.

16.    The *Trafficwatch* court stated that the "Fifth Circuit recently held that courts lack the power to *sua sponte* raise procedural defects after the thirty days elapse. If this court raised the defect at this time, it would exceed its statutory authority and err as a matter of law.  The procedural defect as grounds for remand, therefore, has been waived." *Id*. at 844.

17.    While this Court, through its order, raised the venue defect prior to the thirty days elapsing, Crimmins respectfully asserts that, because Debtor and Defendants have failed to file a Motion to Remand, any *sua sponte* remand by the Court would be unnecessary and not serve judicial economy.

18.    According to the principles that would be analyzed under equitable remand, the equities of the suit support this Court's retention of this proceeding.   This proceeding is a "core" proceeding under 28 U.S.C. § 157 as a "matter concerning the administration of the estate," as a matter that will determine the "allowance or disallowance" of Crimmins' claim against the bankruptcy estate, and as a "proceeding[] to determine, avoid, or recover fraudulent conveyances" by and between the Debtor and the other defendants.  28 U.S.C. § 157(2)(A), (B), (H). The dispute is clearly a "core proceeding" and is related to the Debtor's Chapter 11 proceeding as Crimmins claims that the sole-asset in the bankruptcy case is the subject of a fraudulent transfer by the defendants. While there are non-debtor defendants in this proceeding, the non-debtor defendants are essentially alter-egos of the Debtor and are affiliates.  Michael Dixson is the principal of both PDG, Inc. and PDG Prestige, Inc.  Proceeding with this case in bankruptcy court will be more efficient and convenient for all of the parties. This court can adjudicate the parties' dispute much quicker than the New Mexico state court.  When the Debtor's bankruptcy petition was filed, there was no scheduling order or trial setting in the New Mexico case. Given the pandemic and the backlog of trials in the state court system, this court can proceed to trial much more expeditiously.

1205594.1

19.     Because the Debtor and the Defendants have effectively waived the defective removal by their inaction, Crimmins respectfully asserts that a *sua sponte* remand by the Court is unnecessary and a waste of judicial resources. Crimmins would simply start the process all over again if it this proceeding is remanded and could face unnecessary procedural objections by the Debtor and Defendants.  As noted in *Trafficwatch*, Bankruptcy Rule 9027(a) limits the time for removal. *In re Trafficwatch*, 138 B.R. at 843 (citing Fed.R.Bankr.Proc. 9027(a)(2)).  If the Court permits the Debtor and Defendants to now object to the improper removal of this case, despite not having filed a motion to remand, and Crimmins is required to start the process all over again, then:

> the opposing party invariably objects that removal is barred because removal did not occur within the required time period. Each of the courts involved is inconvenienced by this process, and procedure governs substance. The Fifth Circuit has noted that procedural defects should not be used as an excuse to bounce cases between federal and state courts.

*Id*. (citing *Federal Deposit Ins. Corp. v. Loyd,* 955 F.2d 316, 321–23 (5th Cir.1992)).

20.     Therefore, Crimmins respectfully requests that the Court not remand this proceeding, retain this proceeding, and issue a scheduling order setting a trial date.

FOR THESE REASONS, DENNIS CRIMMINS, Plaintiff and creditor, respectfully submits Brief in support of its Notice of Removal, requests the Court retain this adversary proceeding and enter a scheduling order.  Plaintiff respectfully requests all other relief to which he may be justly entitled.

1205594.1

Respectfully submitted,

**ScottHulse PC**
One San Jacinto Plaza
201 E. Main Dr., Suite 1100
El Paso, Texas 79901
(915) 533-2493
(915) 546-8333 (Facsimile)


By:  */s/ James M. Feuille*
     **CASEY S. STEVENSON**
     State Bar No. 24041975
     **JAMES M. FEUILLE**
     State Bar No. 24082989
     Attorneys for Dennis Crimmins

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that I have sent a copy of the foregoing to Debtor's counsel, on this the 3rd day of June, 2021.

Jeff Carruth
WEYCER, KAPLAN, PULASKI, & ZUBER, PC
3030 Matlock Road, Suite 201
Arlington, Texas 76105
jcarruth@wkpz.com

David P. Lutz
Martin & Lutz, P.C.
P.O. Drawer 1837
Las Cruces, NM 88004-1837
dplutz@qwestoffice.net
State Court Counsel


 */s/ James M. Feuille*
**JAMES M. FEUILLE**

1205594.1